**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

May 10, 2011

Stan H. Anker, Esq.
Attorney for Debtors
1301 West Omaha Street, Suite 207
Rapid City, South Dakota  57701

Donald Dunn, *pro se*
2475 Reed Court
Rapid City, South Dakota  57703

    Subject: *In re James Arthur Schad and Kathryn Mary Schad*
                Chapter 7, Bankr. No. 10-50511

Dear Mr. Anker and Mr. Dunn:

    The matter before the Court is Debtors James Arthur Schad and Kathryn Mary Schad's Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Debtors' motion will be granted.[1]

    **Summary.**  In October 2010, Donald Dunn obtained a judgment against James Arthur Schad or Kathryn Mary Schad for $4,722.67.  On December 22, 2010, the Schads ("Debtors") filed for relief under chapter 7 of the bankruptcy code and listed Dunn as an unsecured creditor on their schedule of liabilities.

    The bankruptcy clerk served a notice of commencement of the case on Debtors' creditors, including Dunn.  The notice of commencement of the case clearly stated the deadline for filing a complaint objecting to Debtors' discharge or to determine the dischargeability of a particular debt was April 8, 2011.

    Neither Dunn nor any of Debtors' other creditors filed a complaint objecting to Debtors' discharge or to determine the dischargeability of a particular debt.  Debtors were therefore granted a discharge under § 727 of the bankruptcy code on April 11, 2011.  The case trustee did not find any assets to pay creditors, and the case will soon be closed.

---

    [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

*In re Schad*, Bankr. No. 10-50511
May 10, 2011
Page 2

Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy. Dunn's judgment was listed in Debtors' motion, among several others. Dunn filed an objection to Debtors' motion, alleging Debtors failed to pay him for services rendered and goods furnished, failed to make good on a promise to pay for damages to his car, and may have fraudulently tampered with his IRA account.

**Discussion**. Section 524(a)(1) of the bankruptcy code provides:

(a)   A discharge in a case under this title –

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which the judgment was docketed. When a debtor receives a bankruptcy discharge, he may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court must enter the order in the judgment docket.

In this case, Dunn received notice of Debtors' bankruptcy case. He did not timely file an objection to Debtors' general discharge of all debts or to the dischargeability of his particular claim. His claim was therefore discharged on April 11, 2011, and his judgment was automatically voided on that same date under bankruptcy law. Debtors are thus entitled to the relief requested in their motion. The Court will enter an order discharging all the judgments listed in the motion, including Dunn's.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

CLN:sh

cc:   case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota